## WILLIAM S. HEARD *v.* JAMES B. WALTON.

1. LEVEE LAWS : TAX SALE UNDER : RIGHT OF OWNER TO REDEEM.—
Land sold for delinquent levee taxes, under the Act of December 2, 1858,
ch. 1, and purchased by a private individual, is, as well as land purchased
by the levee treasurer, subject to redemption by the owner, within two years
from the date of sale.

APPEAL from the Chancery Court of Sunflower county.

*H. S. Allen,* for appellant.

*J. M. Dyer,* for appellee.

HANDY, J., delivered the opinion of the court:

The only question presented in this case is, whether land pur-
chased by a private individual in his own right, at a sale made
for delinquent levee taxes, in virtue of the Act of December 2,
1858, ch. 1, relative to the construction of levees, is subject to
redemption by the owner, as whose property it was sold, within
two years from the day of sale.

It is contended, in behalf of the appellant, that the provision
of the sixth section of the Act, authorizing the sheriff, after the
sale, " to execute a deed to the purchaser, which deed shall vest
in the purchaser a full and complete title in fee simple to the land
so sold," &c., contemplated a perfect and indefeasible title in the
purchaser, upon his receiving the sheriff's deed, when he is a
private individual, purchasing in his own right; and that the
right of redemption given by other parts of the same Act applies
only in cases where no private person becomes the purchaser,
and, in consequence thereof, the land is struck off to the levee
treasurer. This position is founded upon a literal construction
of the words in the concluding part of the sixth section, which,
unaided by other parts of the Act, might justify it.

But the subsequent language of the Act shows clearly that the
position is not correct.

William S. Heard *v.* James B. Walton.

The seventh section provides that "the sheriff's deed *for all lands* sold for taxes shall be and remain with the probate clerk; and should the owner or owners of said lands, their agents or attorneys, apply, they or either of them shall be entitled to the redemption of said lands at any time within two years of the day of sale, upon the payment of the purchase-money, with all subsequent taxes due thereon and fifty per cent. per annum interest," &c. It further provides that this redemption may be made of the levee treasurer, or from the probate clerk, who is required to receive the money, and to pay it over to the levee treasurer, "*or to the person entitled to receive the same,*" and the clerk is declared liable to the levee commissioners, *or to* "*the party injured,*" by his failure to pay over the money received by him for the redemption; and if no redemption should be made for two years from the day of sale, then that the deed should be recorded, and vest an absolute title in the levee treasurer, "*or the person or persons who may have purchased the lands,*" &c.

It is perfectly manifest that the time allowed for redemption applies as well to cases of lands purchased by private persons as to those purchased by the levee treasurer; and that, in either case, the probate clerk is authorized to receive the redemption money for the benefit of the party who may be entitled to it, whether a private individual or the levee treasurer, and is accountable for it to the party who became the purchaser; and that, in either case, not until the expiration of two years from the day of the purchase, shall the sheriff's deed be made a record, or vest the title indefeasibly in the purchaser.

This being the ruling of the court upon the demurrer, the decree is affirmed, and the cause remanded for answer to the bill within sixty days.